IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAELLE LINN DANFORTH, )
)
)
Plaintiff,                )    2:24-cv-00597
)
v.                        )
)
LELAND DUDEK,             )
)
)
Defendant.                )

## ORDER

An ALJ found Plaintiff Michelle Linn Danforth not disabled. Ms. Danforth appeals that order, challenging the ALJ's decision at step four of the familiar five-step analysis. On substantial-evidence review, *see Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999), the Court affirms.

In making a finding of disability, the ALJ is required to go through a five-step sequential process. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); see *Barnhart v. Thomas*, 540 U.S. 20, 24–25 (2003); *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986). At the fourth step, which is at issue here, the ALJ considers whether the claimant can return to her past work. To determine whether the claimant can perform her past work, the ALJ assesses the claimant's residual functional capacity ("RFC"). A claimant's RFC measures the most she can do despite her limitations. The ALJ examines all of the relevant medical and other evidence to make its RFC determination. If the ALJ finds that the claimant can still perform her past work, she is not disabled. *Zirnsak v. Colvin*, 777 F.3d 607, 611 (3d Cir. 2014) (explaining the fourth step in accordance with 20 C.F.R. § 404.1520(a)(4)).

Here, at step four, the ALJ relied on vocational expert testimony to find that Ms. Danforth could perform her past relevant work. ECF 6-2 at 31. The vocational expert testified that an individual of Ms. Danforth's vocational profile and RFC who

- 1 -

was limited to work with simple tasks and simple work-related decisions, could perform her past relevant work of cashier clerk as actually and generally performed. *See id.*; ECF 6-2 at 57 ("The cashier aspect of [Ms. Danforth's gas station/convenience store] work would fall into cashier II, described at 211.462-010, SVP: 2, and light. . . . the SVP as performed [as an assistant manager is] approximately an SVP: 3. The work is light, and as she performed the work is consistent with how these jobs are described in the [Department of Labor's Dictionary of Occupational Titles]" (DOT)); ECF 6-2 at 58 (the ALJ asked the vocational expert if "an individual with claimant's experience and limitations could perform claimant's past work as it was actually performed or as it is generally performed per the DOT," and the vocational expert answered, "Yes, Your Honor, to both.").

Ms. Danforth's sole challenge on appeal is that there was not substantial evidence to support this particular finding. ECF 9 at 3–8. She argues that the evidence showed that Ms. Danforth's prior work as a cashier involved her training others and was at a "reasoning level 3," which was not the "simple" work that the ALJ claimed she could now do. *Id.* at 6–7 (pointing to a conflict between the vocational witness's testimony and the DOT). In other words, there was a gap in the evidence that the ALJ got wrong or otherwise did not consider.

The Court finds that there is substantial evidence to support the ALJ's findings, for the following two reasons.

First, while there is no dispute that Ms. Danforth's previous cashier clerk position requires a reasoning level of 3, *see* ECF 9 at 3; ECF 14 at 3, there is no bright-line rule that a job requiring level 3 reasoning conflicts with a limitation to simple routine tasks, *Zirnsak*, 777 F.3d at 618. In fact, the Third Circuit has expressly declined to find that there is a *per se* conflict between a reasoning level of 3 and a limitation to simple, routine tasks, and unskilled work. *See id.* As noted by the Third Circuit, an ALJ discharges her duties where the following factors were met: (1) the

claimant did not seriously argue an inability to perform the jobs in question and the record supports a finding that he or she can perform such work; (2) the claimant did not point out the conflict at the hearing; and (3) the challenged job was only a representative example of the jobs the claimant was capable of performing. *See id.* at 618–19 (explaining how the claimant met these factors and therefore affirming the denial of social security benefits). Ms. Danforth makes no serious effort to address any of these factors. *See MacIntyre v. Kijakazi*, No. CV 21-306, 2022 WL 2193319, at *1 n.1 (W.D. Pa. June 17, 2022) (Bloch, J.) (affirming an ALJ decision to deny benefits because the plaintiff "made no real argument that she could not perform the work of a document preparer" and "failed to raise any inconsistencies . . . at the hearing[,]" and the vocational expert offered the jobs "as examples and not as an exhaustive list."); *see also Mechling v. Berryhill*, No. CV 17-531, 2018 WL 3388460, at *1 n.1 (W.D. Pa. July 12, 2018) (Bloch, J.); *Anderson v. Colvin,* No. CV 15-1301, 2017 WL 1163338, at *1 n.1 (W.D. Pa. Mar. 29, 2017) (Bloch, J.).

Second, regardless, remand is unwarranted. Ms. Danforth's medical impairments are primarily physical in nature. *See* ECF 6-2 at 27–31. Mental status examinations reflected normal findings. *See* ECF 6-2 at 29–30. She has a high school degree. ECF 6-7 at 6. She performed a cashier job in the past, ECF 6-2 at 31, even after the onset of certain symptoms, ECF 6-11 at 80 (showing that many conditions on Ms. Danforth's medical record as of October 28, 2022 were "[a]dded [o]n" months or years before her disability, which allegedly began on October 26, 2021: Fibromyalgia: 10/21/2020; Sciatica of left side: 10/21/2020; Chronic venous insufficiency: 10/21/2020; Chronic pain syndrome: 8/11/2021; Hallux valgus (acquired), right foot: 10/21/2020; Hallux valgus (acquired), left foot: 10/21/2020; Pure hypercholesterolemia: 9/24/2021; Stress incontinence of urine: 7/17/2020). In sum, there is substantial evidence to support that she could engage in reasoning level 3 or the reasoning of someone in the cashier clerk position she previously held.

- 4 -

For these reasons, the decision of the ALJ is **AFFIRMED**.  The Clerk of this Court shall mark this case as **CLOSED**.

DATED this 22nd Day of April, 2026.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge